IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.M., an individual,<br><br>                  Plaintiff,<br><br>  v.<br><br>RED LION HOTELS CORPORATION;<br>DAYS INNS WORLDWIDE, INC.;<br>AND WYNDHAM HOTELS &<br>RESORTS, INC.,<br><br>                  Defendants. | Civil Action No. 1:19:CV-04859-JPB |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS WYNDHAM
HOTELS & RESORTS, INC. AND DAYS INNS WORLDWIDE, INC.'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff asserts a single claim against Defendants Wyndham Hotels & Resorts, Inc. ("WHRI") and Days Inns Worldwide, Inc. ("DIW") for allegedly violating Section 1595(a) of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), which gives rise to civil liability against those who knowingly benefit from participating in a sex-trafficking venture that the defendant knew or should have known was trafficking the plaintiff.

Plaintiff alleges that she was trafficked at a Days Inn®-branded hotel in Morrow, Georgia. Neither WHRI nor DIW owned, operated, managed, maintained

1

a presence at, or otherwise controlled the day-to-day operations of that hotel. Plaintiff does not even allege that WHRI or DIW knew of or interacted with Plaintiff or her alleged traffickers. Plaintiff's allegations against WHRI and DIW simply cannot plausibly support a claim for relief under the TVPRA. Plaintiff's Amended Complaint (Dkt. 16) should be dismissed accordingly.

## STATEMENT OF PLAINTIFF'S ALLEGATIONS

The Amended Complaint alleges that Plaintiff was trafficked by an individual called "Detroit" in 2016 at a Southside Inn hotel in Jonesboro, Georgia, an America's Best Value® hotel in Jonesboro, Georgia, and a Days Inn® hotel in Morrow, Georgia. The Amended Complaint, however, does not name the alleged trafficker or any of the hotel owners or operators as defendants, despite acknowledging that the hotels were operated pursuant to franchising agreements. *See* Dkt. 1, at ¶¶ 40, 44, 45(b). Rather, plaintiff sued DIW (the franchisor of the Days Inn® brand), WHRI (DIW's ultimate parent company), and Red Lion Hotels Corporation. *See* Dkt. 16, at ¶¶ 13, 40, 44, 45(b).

The Amended Complaint contends that the hotel industry as a whole is generally aware that commercial sex activity occurs at hotels, and that the industry should do more to combat sex trafficking. *See, e.g.*, Dkt 16, at ¶ 23. More specifically, Plaintiff alleges that her trafficker forced her to engage in commercial

2

sex acts at the three hotels and that her trafficker paid for rooms "one night at a time and always [] in cash" directly to the individual hotels—not the franchisors. Dkt. 16, at ¶¶ 62-63. The Amended Complaint alleges that an unidentified front desk clerk at the Days Inn® (i.e., a franchisee employee—not a DIW or WHRI employee) offered a room discount in exchange for sex; it does not tie this allegation to DIW or WHRI. *See* Dkt. 16, at ¶ 68. Rather, the Amended Complaint alleges that the Defendants had the "opportunity to stop" Plaintiff's trafficking and should have intervened. Dkt. 16, at ¶¶ 81, 85. In other words, according to Plaintiff, WHRI and DIW should have prevented the trafficker's alleged victimization of Plaintiff. *See* Dkt. 16, at ¶¶ 49(b), 81. The Amended Complaint, however, does not include any well-pled allegation that WHRI or DIW knew of or interacted with Plaintiff or the alleged trafficker.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a court deciding a motion to dismiss under Rule 12(b)(6) must accept the complaint's well-pled factual allegations as true and construe them favorably to the plaintiff, "the allegations must nevertheless state a claim for relief that is plausible—and not merely possible—on its face." *Almanza v. United Airlines, Inc.*,

3

851 F.3d 1060, 1066 (11th Cir. 2017) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The complaint cannot state "naked assertion[s] devoid of further factual enhancement." *Iqbal,* 556 U.S. at 678. "Rather, a complaint must present sufficient factual matter, accepted as true, to 'raise a right to relief above the speculative level.'" *Simpson*, 744 F.3d at 708 (quoting *Twombly*, 550 U.S. at 555); *Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1197 (11th Cir. 2018) ("'[L]egal conclusions' are not entitled to be assumed true, and this tenet extends to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" (quoting *Iqbal*, 556 U.S. at 678)).

## ARGUMENT

The TVPRA is a criminal statute that also gives rise to civil claims. *See* 18 U.S.C. §§ 1591(a), 1595(a); *see also Arreguin v. Sanchez*, 398 F. Supp. 3d 1314, 1325 n.4 (S.D. Ga. 2019). Section 1595(a) triggers civil liability for those who commit sex trafficking crimes. 18 U.S.C. §§ 1591(a), 1595(a). It also provides a standalone civil cause of action against a defendant who (i) knowingly benefits (ii)

from participating in a sex-trafficking venture (iii) that the defendant knew or should have known was committing sex-trafficking crimes against the plaintiff. 18 U.S.C. § 1595(a).

In this case, Plaintiff asserts a standalone civil claim under Section 1595(a) against DIW and WHRI, but Plaintiff does not allege facts that can establish any of the elements of such a claim. First, the Amended Complaint does not allege that WHRI or DIW benefited from Plaintiff's alleged trafficking, knowingly or otherwise. Rather, Plaintiff alleges that she and/or her trafficker rented rooms from the franchisee that owns and operates the Days Inn®-branded hotel, which is legally insufficient. Second, the Amended Complaint does not allege that WHRI or DIW actually participated in a sex-trafficking venture at the Days Inn®-branded hotel or otherwise, only that WHRI and DIW should have done more to prevent her trafficking, which again is not a basis for recovery under the TVPRA. Lastly, the Amended Complaint does not allege facts plausibly suggesting that DIW or WHRI knew or should have known of Plaintiff's alleged trafficking. Plaintiff's TVPRA claim therefore fails, and the Amended Complaint against DIW and WHRI should be dismissed.

## I. DIW And WHRI Did Not Knowingly Benefit From Plaintiff's Alleged Trafficking.

In determining whether a defendant "knowingly benefited" under the TVPRA, the "controlling question is whether [the alleged trafficker] provided any benefits to [the defendant] *because of* [the defendant's alleged] facilitation of [] sexual misconduct." *See, e.g.*, *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 170 (S.D.N.Y. 2019) (emphasis in original); *accord United States v. Flanders*, 752 F.3d 1317, 1338 (11th Cir. 2014) (analyzing same element under criminal provisions of the TVPRA). Benefits that do not stem directly from the alleged trafficking itself are insufficient. *See Geiss*, 383 F. Supp. 3d at 170.

In this case, the Amended Complaint alleges that DIW and WHRI benefited for purposes of the TVPRA because they received royalties in exchange for franchising the Days Inn® brand and system to the third-party franchisee that owns a hotel where Plaintiff's trafficker allegedly rented a room. *See* Dkt. 16, at ¶¶ 40, 43, 45(b), 91. The Amended Complaint does not allege that WHRI or DIW actually benefited from Plaintiff's trafficking, let alone knowingly. That is fatal to Plaintiff's claim, and the Amended Complaint should be dismissed. *See, e.g.*, *Kolbek v. Twenty First Cent. Holiness Tabernacle Church, Inc.*, No. 10 Civ. 4124, 2013 WL 6816174, at *16 (W.D. Ark. Dec. 24, 2013) ("Nor have Plaintiffs offered evidence to show

that Defendants were compensated 'on account of' the sex acts. . . . The fact that sexual abuse was committed by the ministry's leader and that members of the ministry had their expenses paid for through ministry funds is simply not sufficient to establish a violation of 18 U.S.C. § 1591.").

## II. WHRI And DIW Did Not Participate In A Sex-Trafficking Venture.

Plaintiff does not contend that WHRI or DIW actually participated in a sex-trafficking venture that trafficked her. Rather, the Amended Complaint contends WHRI and DIW should have done more to prevent the occurrence of sex trafficking generally. Plaintiff's theory of recovery is not compatible with the plain language of the TVPRA or supported well-pled factual allegations.

For sex-trafficking claims arising under Section 1595(a), the term "venture" means a "sex-trafficking venture" and only exists where "[t]wo or more people [] engage in sex trafficking together." *See United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016). Section 1595(a) only gives rise to liability against a defendant who "participat[ed]" in such a venture. 18 U.S.C. § 1595(a) (providing that a defendant is civilly liable under the TVPRA if, among other things, the defendant "participat[ed] in a venture . . . [that] has engaged in" sex-trafficking crimes in violation of Section 1591(a)).

A defendant's lawful association with someone who commits sex-trafficking

7

crimes is insufficient to show that the defendant itself "participat[ed]" in a sex-trafficking venture. *Id.*; *Afyare*, 632 F. App'x at 286; *Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018) ("Because guilt, or in this case liability, cannot be established by association alone, Plaintiff must allege specific conduct that furthered the sex trafficking venture."); *accord United States v. Arbane*, 446 F.3d 1223, 1233 (11th Cir. 2006) ("We have long held that mere association with persons engaged in a conspiracy does not qualify someone as a member of the conspiracy."). Rather, "participation" requires the commission of some "overt act" in furtherance of the sex-trafficking; nonfeasance (i.e., the alleged failure to prevent trafficking) is not sufficient. *See, e.g.*, *Afyare*, 632 F. App'x at 286 (holding that "participating in a venture" requires "some overt act," and that "mere negative acquiescence" is not enough); *accord Ratha v. Phatthana Seafood Co., Ltd.*, CV 16-4271-JFW (ASX), 2017 WL 8293174, at *4 (C.D. Cal. Dec. 21, 2017). "In other words, some participation in the sex trafficking act itself must be shown." *Noble*, 335 F. Supp. 3d at 524. As the Sixth Circuit Court of Appeals has cautioned, construing the phrase "participation in a venture" otherwise would "create a vehicle to ensnare conduct that the statute never contemplated." *Afyare*, 632 F. App'x at 286.

The Amended Complaint alleges that WHRI and DIW enter into commercial relationships with third-party franchisees for the use of the Days Inn® brand and

8

system, and that Plaintiff was trafficked on the premises of a Days Inn®-branded hotel. *See* Dkt. 16, at ¶¶ 40, 45(b). The Amended Complaint further alleges that Plaintiff's traffickers rented rooms directly from a third-party franchisee (i.e., not WHRI or DIW) "one night at a time and always paid in cash." Dkt. 16, at ¶ 63. From there, the Amended Complaint alleges that WHRI and DIW "failed to take the necessary action to prevent sex trafficking" generally, and that WHRI and DIW "failed to . . . protect Plaintiff H.M. from being sex trafficked." Dkt. 16, at ¶¶ 47, 49(b).

Those allegations are not sufficient. WHRI and DIW's alleged failure to prevent sex trafficking is not actionable under the TVPRA. *See, e.g.*, *Afyare*, 632 F. App'x at 286. The Amended Complaint's theory of liability cannot be reconciled with Section 1595(a)'s "participation" requirement. *Compare Ricchio v. McLean*, 853 F.3d 553, 555-56 (1st Cir. 2017) (finding that plaintiff adequately alleged a TVPRA claim against a hotel owner—i.e., not a franchisor—because, as alleged, the owner not only witnessed the trafficker repeatedly assault the plaintiff when she tried to escape from him, but also exchanged "high-fives" with the trafficker, giving rise to a reasonable inference that the hotel owner rented rooms to the trafficker for purposes of assisting the trafficking while it was "manifest" that the plaintiff was being held against her will as a "sex slave").

### III. The Amended Complaint Does Not Adequately Allege That WHRI Or DIW Knew Or Should Have Known Of Plaintiff's Trafficking.

Plaintiff alleges that WHRI and DIW "should have known" about her trafficking because they, like the hospitality industry generally, are aware that prostitution and other commercial sex acts sometimes occur at hotels, including some Days Inn®-branded hotels across the country. *See, e.g.*, Dkt. 16, at ¶¶ 1, 49(d), 49(j). That is insufficient. To plausibly allege that a defendant "should have known" about a plaintiff's trafficking for purposes of the TVPRA, it is not enough to allege that a defendant has generalized knowledge that commercial sex acts sometimes occur at hotels. *See, e.g.*, *Ratha*, 2017 WL 8293174, at *5 ("Plaintiffs argue that Rubicon and Wales knew or should have known that Phatthana allegedly engaged in [trafficking] based on general reports about human trafficking in Thailand and letters by advocacy groups . . . criticizing the working conditions at Phatthana's Songkhla factory. . . . Plaintiffs have failed to demonstrate that Rubicon or Wales knew or should have known that human trafficking existed at Phatthana's Songkhla factory.").

Alternatively, the Amended Complaint alleges in conclusory fashion that WHRI and DIW were willfully blind to Plaintiff's trafficking. To plausibly allege that WHRI and DIW were willfully blind to Plaintiff's trafficking, the Amended

10

Complaint must allege facts sufficient to support a plausible inference that (i) WHRI and DIW subjectively believed that there was a high probability that Plaintiff was being trafficked, and (ii) WHRI and DIW took deliberate steps to avoid confirming that Plaintiff was being trafficked.  *See, e.g.*, *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011) (holding that "willful blindness" has "two basic requirements:  (1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact").

The Amended Complaint does not allege that WHRI or DIW had a subjective belief that there was a high probability that Plaintiff was being trafficked.  In fact, the Amended Complaint does not allege that WHRI or DIW were even aware of or interacted with Plaintiff or her trafficker.  Nor does Plaintiff allege that WHRI or DIW took deliberate steps to avoid confirming that Plaintiff was being trafficked, let alone specify what those steps may have been.  Plaintiff, therefore, cannot rely on conclusory allegations that WHRI and DIW were willfully blind to satisfy Section 1595(a)'s "knew or should have known" requirement.

Lacking any well-pled allegation that WHRI or DIW knew or should have known that Plaintiff was being trafficked, Plaintiff has failed to state a claim under the TVPRA.  Recent decisions from the Southern District of Ohio, *M.A. v. Wyndham*

11

*Hotels & Resorts, Inc.,* 2:19-CV-849, 2019 WL 4929297 (S.D. Ohio Oct. 7, 2019) and *H.H. v. G6 Hospitality, LLC*, 2:19-CV-755, 2019 WL 6682152 (S.D. Ohio Dec. 6, 2019) should not change this result.

In *M.A.* and *H.H.*, the court denied motions to dismiss claims brought under Section 1595(a) of the TVPRA. In doing so, the court improperly applied the pre-*Twombly* dismissal standard, stating that "[t]he Court cannot dismiss a complaint for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *M.A.*, 2019 WL 4929297, at *1 (quoting *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). The opinions in *M.A.* and *H.H.* also reflect a misunderstanding about franchising generally, inaccurately referring to franchisor defendants as the "parent companies" of franchisees. *See H.H.*, 2019 WL 6682152, at *1, *6.

The court ultimately denied the motion to dismiss even though there were no well-pled allegations supporting a TVPRA claim against the franchisor defendants. The decisions instead were based on allegations made against groups of defendants (including the grouping of franchisees with franchisors)—a practice that the Eleventh Circuit and this Court have explicitly rejected. *Joseph v. Bernstein*, 612 F. App'x 551, 555 (11th Cir. 2015) ("[T]he complaint failed to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure because it indiscriminately grouped

12

all defendants together without explaining the factual basis for each of the Defendants' liability."); *Clifford v. Federman*, 1:18-CV-01953-JPB, 2020 WL 377026, at *2 (N.D. Ga. Jan. 7, 2020) (Boulee, J.) ("This Court finds that the First Amended Complaint is a quintessential 'shotgun' pleading of the kind the Eleventh Circuit has condemned repeatedly. . . . Plaintiffs never attempt to segregate the alleged wrongdoing of the defendants, and many of the paragraphs refer to all defendants or a grouping of defendants." (internal quotations, citations, and alterations omitted)).

In short, *M.A.* and *H.H.* were both wrongly decided, and the Court should not follow them here.

## IV. TVPRA Claim Cannot Be Premised On Franchising Relationship.

Lastly, the Amended Complaint apparently attempts to sidestep its deficiencies under the TVPRA by arguing, in conclusory fashion, that third-party franchisees are agents of WHRI and DIW. *See, e.g.*, Dkt. 16, at ¶¶ 40, 49(f). The Amended Complaint incorrectly implies that the conduct and knowledge of staff at the independently owned and operated Days Inn®-branded hotel can be imputed to DIW and WHRI based on the franchising relationship.

As an initial matter, a plaintiff cannot satisfy the TVPRA's "participation in a venture" requirement based on a lawful association (*e.g.*, a franchisor-franchisee

13

relationship) unrelated to sex trafficking. *See, e.g.*, *Afyare*, 632 F. App'x at 286; *Noble*, 335 F. Supp. 3d at 524. Moreover, conclusory allegations of agency and alter ego cannot overcome a motion to dismiss. *See, e.g.*, *CHIS, LLC v. Liberty Mut. Holding Co. Inc.*, 5:14-CV-277 MTT, 2015 WL 4249358, at *5 (M.D. Ga. July 13, 2015) ("There are [] no allegations about any express agency agreement or other facts to suggest Peerless was LMIC's and/or LMGI's agent, beyond a conclusory allegation that 'at all relevant times herein, each Defendant acted in all aspects as agent, apparent agent, and alter ego for each other Defendant . . . . Therefore, the Court concludes that CHIS has not sufficiently alleged an actual agency relationship . . . ."); *Morrow v. Allstate Indem. Co.*, 5:16-CV-137 (HL), 2017 WL 1196441, at *9 (M.D. Ga. Mar. 29, 2017) (rejecting "conclusory" agency allegations, noting further that the "use of logos or trademarks is insufficient" to establish agency).

Furthermore, courts in Georgia and across the country recognize that a franchising relationship is distinct from agency and cannot by itself give rise to franchisor liability. *See, e.g.*, *DaimlerChrysler Motors Co., LLC v. Clemente*, 668 S.E.2d 737, 745 (Ga. App. 2008) (holding in favor of franchisor in suit arising from damages allegedly caused by the franchisee, explaining that a franchisor may protect its brand by establishing "detailed, specific, and strict" operations standards without the imputation of liability from the franchisee to the franchisor, noting further that

14

"the fact that a franchise agreement authorizes periodic inspections of the franchise and gives the franchisor the right to terminate the agreement for noncompliance" is of no consequence).

Put simply, the Amended Complaint's conclusory agency allegations based on a franchising relationship between DIW and a third-party franchisee cannot serve as a basis for liability against DIW and WHRI under the TVPRA. The Amended Complaint, therefore, should be dismissed as to WHRI and DIW.

## CONCLUSION

For the foregoing reasons, WHRI and DIW's motion to dismiss should be granted and the Amended Complaint should be dismissed as to them.

Dated:       January 30, 2020              Respectfully submitted,

By: /s/ Brendan Krasinski
Christopher Campbell
Georgia Bar No. 789533
Brendan Krasinski
Georgia Bar No. 159089
Delia G. Frazier
Georgia Bar No. 940667
DLA Piper LLP (US)
1201 West Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Tel.: (404) 736-7800
Facsimile:  (404) 682-7800
christopher.campbell@us.dlapiper.com
brendan.krasinski@us.dlapiper.com
delia.frazier@us.dlapiper.com

and

David Sager (*pro hac vice forthcoming*)
51 John F. Kennedy Pkwy, Suite 120
Short Hills, New Jersey 07078
Tel.: (973) 520-2570
Facsimile: (973) 215-2604
David.Sager@dlapiper.com

*Attorneys for Defendants*
*Wyndham Hotels & Resorts, Inc. and*
*Days Inns Worldwide, Inc.*

## **LOCAL RULE 7.1D CERTIFICATE**

Pursuant to Northern District of Georgia Local Rule 7.1D, the undersigned counsel hereby certifies that the foregoing has been formatted in Times New Roman font, 14-point type, which complies with the font size and point requirements of Local Rule 5.1B.

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this day electronically filed this document with the Clerk of Court using the CM/ECF system which will send e-mail notification to all counsel of record.

Dated:  January 30, 2020

By: */s/ Brendan Krasinski*
Brendan Krasinski
